UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TVI, INC. dba SAVERS and VALUE VILLAGE,<br><br>                Plaintiff,<br><br>    v.<br><br>ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington,<br><br>                Defendant. | No. 2:17-cv-1845<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF REGARDING ACTIONS OF THE ATTORNEY GENERAL IN VIOLATION OF THE FIRST AMENDMENT |

For its complaint, plaintiff TVI, Inc. ("TVI") alleges as follows:

## INTRODUCTION

1.      This is an action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to enjoin and declare unlawful actions of the Washington State Attorney General and his Office ("AGO") in threatening to bring suit based on claims that would unconstitutionally infringe free speech rights of TVI and a number of prominent Washington charities.

2.      TVI is a Washington-based for-profit company that operates twenty Value Village stores in the State and is a registered commercial fundraiser under the Washington Charitable Solicitation Act ("CSA"), RCW ch. 19.09.  For over 50 years, TVI has partnered with non-profit organizations to collect used goods from donors, paying the charity partners

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 1

Davis Wright Tremaine LLP<br>Suite 2200, 1201 Third Avenue<br>Seattle, WA 98101-3045<br>206.622.3150 main · 206.757.7700 fax

for these goods and thereby funding their important missions – such as providing opportunities for persons with developmental disabilities or visual impairment, and mentoring at-risk youth.  For 50 years, Washington authorities never challenged TVI's operations, and indeed, several times from 2002-2013 examined the model and TVI's contractual relationships with its charity partners and declared that TVI was not subject to the CSA, because it did not act as a commercial fundraiser within the meaning of the Act.

3.      Nonetheless, in December 2014, Attorney General Ferguson's office began what has become a three-year investigation, in which TVI responded to three Civil Investigative Demands ("CIDs"), answered all inquiries posed, and sought to meet with the AGO to understand and address any concerns.  The AGO refused to do so for over 18 months until July 2016, when it presented twelve non-monetary demands regarding practices and disclosures.  In September 2016, TVI readily agreed to nine of the twelve requests, as they were things that TVI was already doing.  However, TVI rejected the AGO's demands that it post signs in stores specifying the amounts paid to charity partners for each donated good and instruct employees to disclose the "bulk purchase price" paid to charities.  These demands violate the First Amendment rights of TVI and its charity partners.  Almost 30 years ago, in *Riley v. National Federation of the Blind of North Carolina*, 487 U.S. 781 (1988), the Supreme Court held that state authorities cannot dictate arrangements or compensation between charities and companies that solicit donations for the charities nor require disclosures of such arrangements in solicitations to donors, as doing so violates the First Amendment's prohibition on compelled speech.

4.      For eleven months, the AGO did not respond to TVI's effort to resolve the issues, until August 2017, when it made a presentation making clear that its claims are an attack on TVI's business model and contractual relationships with its charity partners.  The AGO has contended it is a deceptive practice that TVI does not disclose to customers who shop in Value Village stores the portion of sales prices that are paid to charity partners.  In fact, TVI has never represented that sales revenues go to charity partners; TVI purchases

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 2

used goods from charity partners in bulk and pays an agreed fair market price for all goods donated, although the vast majority are *not* sold in stores and must be disposed of in other ways (e.g., sold, often at a loss to overseas markets or recycled).  TVI fully discloses its contractual arrangements and payments to charity partners in filings with the Secretary of State's office under the CSA.  However, the AGO's expressed putative claims seek to impose penalties on the theory that TVI can be held liable for not disclosing to customers or donors more than the CSA dictates or the First Amendment permits the State to compel.

5.     TVI has continued to try to work with the AGO to resolve issues.  However, in a recent meeting and correspondence, the AGO has indicated it is poised to file suit against TVI based on the AGO's unconstitutional premise.  TVI therefore brings this action to protect its First Amendment rights and those of the Washington charitable organizations it partners with and supports.  TVI seeks declaratory and injunctive relief to preclude the AGO from asserting any claims seeking to (a) compel speech by requiring TVI to disclose to donors or customers its contractual compensation arrangements with charity partners; (b) challenge the arms' length contractual agreements between TVI and its charity partners; or (c) impose liability or civil penalties based on allegations of allegedly inadequate disclosures of these contractual arrangements beyond the registration and reporting requirements of the CSA.

## THE PARTIES

6.     TVI, Inc. is a Washington corporation, with its principal place of business in Bellevue, Washington.

7.     Robert W. Ferguson is Attorney General of the State of Washington.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction of this action under 28 U.S.C. § 1331 because TVI alleges a violation of 42 U.S.C. § 1983.

9.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to TVI's claims took place in this judicial district.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 3

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## FACTUAL ALLEGATIONS

**A.     TVI, Savers and Value Village**

10.     TVI's roots date back to 1954, when the company's founder, Bill Ellison, opened a thrift store in San Francisco.  In 1966, he opened a store in Renton, Washington, and in 1972 established the company's headquarters in Bellevue, Washington (incorporating as TVI in 1984).  Mr. Ellison pioneered the model of commercial thrift stores working with charity organizations to collect donations of used goods, purchasing the goods from the charities to provide them an important and reliable funding source.

11.     TVI's partnerships with charities based on this model have been successful ever since.  TVI has grown to over 300 stores in the United States, Canada and Australia under the brand names Savers, Unique, Value Village and Village des Valeurs, partnering with 90 nonprofit organizations in the communities where its stores are located.  TVI has paid approximately $1.4 billion to its charity partners across North America in the last ten years; more than $150 million in 2016 alone.  In Washington, TVI currently has 20 stores, and paid nearly $13 million to charity partners in 2016 and more than $120 million in the last ten years.

12.     TVI employs approximately 1,600 employees in Washington, and generates over $9 million per year in tax revenues in the state.

13.     TVI has been recognized for its role in supporting charitable causes and other public issues—for example, receiving the Puget Sound Business Journal's Economic Opportunity Corporate Citizenship Award in 2015, and the Washington State Recycling Association's Recycler of the Year – Reuse Award in 2017.

**B.     TVI's Charity Partners in Washington**

14.     TVI's relationships with its charity partners in Washington are longstanding. TVI and predecessor entities have worked with Big Brothers Big Sisters of Puget Sound for 22 years, with the Arc of Washington State for 27 years, with Sight Connection (formerly

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 4

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Community Services for the Blind and Partially Sighted) for 33 years, and with Northwest Center for over 50 years.

15.     These organizations provide important services and advocacy for a number of different causes.  For example, Northwest Center is "a leader in advancing equal opportunities for children and adults with developmental disabilities," and provides services for children such as early intervention, inclusive early learning, and after-school programs, as well as employment services, vocational training, job placement, and supported employment.  *See* https://www.nwcenter.org/at-a-glance.html.  Big Brothers Big Sisters of Puget Sound "makes meaningful, monitored matches between adult volunteers ('Bigs') and children ('Littles'), ages 6 through 18" to "provide children facing adversity with strong and enduring, professionally supported 1-to-1 relationships that change their lives for the better."  *See* https://www.bbbsps.org/page.aspx?pid=284.  "The Arc of Washington State's mission is to advocate for the rights and full participation of all people with intellectual and developmental disabilities" by supporting and empowering individuals and families; improving support and service systems, influencing public policy, increasing public awareness, and inspiring inclusive communities.  *See* http://www.arcwa.org/aboutus.  Sight Connection's "mission is to enhance the ability of people with vision loss to lead active, independent lives," and is the "Northwest's leading private vision rehabilitation agency specializing in helping people with vision loss stay active and independent."  *See* http://www.sightconnection.org/mission/.

16.     The revenue these charity partners receive through their partnerships with TVI is crucial to their missions and their success.  Northwest Center, for example, has stated that its partnership with TVI provides "a sustainable source of funding that lets us design original programs for the community," and the relationship "has been the foundation of our entire philosophy of change, which is to use business to create social good" for children and adults with developmental disabilities.  *See* https://www.nwcenter.org/our-blog/a-partnership-vision.  Big Brothers Big Sisters of Puget Sound has explained that it

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 5

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

receives a significant portion of its total funding through its partnership with TVI, and has emphasized that this is especially important because these are "dollars that are not restricted in terms of how we spend them."  *See* https://www.triplepundit.com/special/rethink-reuse-savers/thrift-store-partnership-savers-big-brothers-big-sisters/.

17.     The charity partners' relationships with TVI also support their outreach and advocacy roles.  For example, TVI's promotion of Big Brothers Big Sisters helps the organization by spreading the word about its mission and its efforts to recruit adults to mentor underprivileged youth.  As another example, the funding provided to Northwest Center has helped support its work to educate and enact legislation to "open[] the doors of Washington State schools to children with disabilities."  *See* https://www.nwcenter.org/at-a-glance.html.

18.     TVI's dealings with charity partners are and always have been based on negotiated contractual agreements.  TVI pays charity partners based on agreed bulk prices for donated goods they collect (e.g., Northwest Center's well known "big blue trucks") and goods that individuals donate to the charities at Community Donation Centers located at Value Village stores.  TVI pays charity partners for *all* goods, although approximately 75% of donated goods are not suitable for sale (or do not sell) in retail stores.[1]  This arrangement of purchasing donated used goods on a wholesale basis has been the industry standard for decades.

19.     TVI provides its charity partners the ability to obtain funding through sales of used-goods donations without having to operate retail stores on their own.  TVI provides the infrastructure, personnel and expertise to run the sorting, retail and recycling operations, incurring the costs and risks of doing so.  For example, TVI operates a large textile recycling distribution facility in Fife, Washington, and has launched an initiative called Rethink, Reuse™, a program of public advocacy and education to emphasize that more

---

[1] TVI then bears the risks and costs of finding alternative markets for these goods.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 6

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

than 90% of textiles can be reused or recycled, thereby reducing the huge volume of clothing and textile waste that goes to landfills every year.[2]

20.   The charity partners have been ardent supporters of TVI and their relationships with TVI, and they have stated this to the AGO.  The charity partners explained that TVI has always paid for all donated goods based on arms' length, mutually agreed contracts; they have not had complaints or heard of confusion from their constituents about their relationships with TVI; and the AG's threatened suit could seriously harm their missions and public advocacy.

**C.      The AGO's Investigation and Threatened Suit**

21.   TVI has long sought to cooperate with Washington State authorities, and did so successfully until Attorney General Ferguson's investigation and contradiction of the State's prior positions.  In 2002, 2010 and 2013, the Washington Secretary of State's office and the AGO examined TVI's business model and concluded that "TVI does not act as a commercial fundraiser," and therefore did not need to register under the CSA.

22.   In December 2014, the AGO issued an extensive CID to TVI, posing interrogatories and document requests about essentially all of TVI's Washington operations.  TVI sought to meet with the AGO to understand and address any concerns, but the AGO's representatives refused to do so.  This theme continued for more than 18 months.

23.   TVI fully responded to the first CID, the AGO issued two more CIDs and asked for supplemental responses several times, and TVI fully responded to those requests as well.  Altogether, TVI provided seven sets of responses, answered 39 interrogatories (actually, 94 interrogatories, counting subparts), and produced approximately 15,000 pages of documents in response to 19 requests (actually, 40 requests including subparts and follow-up supplemental requests).  TVI also made available two employees the AGO asked

---

[2] In fact, TVI diverted more than 46 million pounds of materials out of Washington's waste stream last year.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 7

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

to depose, including a longtime store manager who explained that she had never had any customer or donor complain or express any confusion about the amounts paid to a charity partner for donated goods.

24.    Throughout this process, TVI repeatedly asked to meet with the AGO to discuss any issues or concerns, and the AGO declined every request.  At the same time, TVI indicated it was revising contracts with charity partners and changing some business practices on its own accord, and invited input from the AGO about the proposed changes. The AGO refused these requests as well.

25.    Finally, after 18 months, the AGO agreed to meet.  On July 7, 2016, the AGO presented its demands, none of which were based on any of the discovery TVI had provided in response to the CIDs.  Instead, the AGO provided a list of twelve demands, almost all of which effectively asked TVI to continue practices it was doing and had long done – *e.g.*, registering as a commercial fundraiser with the Secretary of State's office (which TVI did long before); disclosing in signage and collateral that TVI is a for-profit corporation and a registered commercial fundraiser (same); ensuring that all donations are correctly attributed to charity partners (which TVI has always done); not representing that charity partners are paid a portion of sales prices for purchases at Value Village stores (which TVI has never done); and not using the names or soliciting on behalf of charity partners without their permission (again, TVI has never done this).

26.    The AGO's July 7, 2016 proposal also contained two demands that reflected a misunderstanding of the Supreme Court's longstanding precedents that state authorities cannot dictate contractual arrangements between charities and fundraisers, nor compel speech by requiring fundraisers to disclose to donors at the point of solicitation their payment arrangements with charities.  *See Riley,* 487 U.S. at 781.  The AGO demanded that TVI "prominently display in clear and conspicuous signage" that "Value Village pays [charity] [dollar amount (e.g., 43 cents) for each [unit of measurement (e.g., pound) of the goods you donate."  The AGO also demanded that employees in Value Village stores be

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 8

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

instructed to disclose to consumers "what portion or amount of the value of their donation is paid to the charity" and "shall disclose the bulk purchase price [TVI] pays to the charity." TVI rejected these demands.[3]

27. After the July-September 2016 meetings, TVI believed the parties had no dispute about TVI's practices, disclosures, or arrangements with charity partners. The outstanding issue separating the parties was the AGO's demand that TVI pay $5.1 million, with *no* plausible basis for this demand (and which TVI rejected).

28. The AGO said nothing for eleven months, until a meeting in August 2017. Then, the AGO presented a survey it had commissioned, which, although based on numerous misrepresentations, underscored that the AGO's claims and efforts to extract payment from TVI are premised on a challenge to TVI's business model. In the August 2017 meeting, the AGO reduced its monetary demand to $3.2 million, but admitted that this amount was "untethered" to any actual, specific alleged violations of law.

29. Again TVI responded and sought to work with the AGO, offering a proposed resolution on October 12, 2017. And again TVI's overture was met with silence, until November 22, 2017, when the AGO responded that further discussions would not be "fruitful," given that TVI was not willing to pay the AGO's multi-million dollar demand. TVI responded by asking for a meeting of senior representatives, to include the CEOs of TVI, Northwest Center and Big Brothers Big Sisters of Puget Sound. Despite the AGO's prior delays of months (indeed years), it insisted that any meeting with the charity CEOs would have to take place in three days' time, by December 8, 2017.

30. The parties met on December 8, 2017, and the CEOs of Northwest Center and Big Brothers Big Sisters of Puget Sound expressed their concerns about and

---

[3] TVI rejected one other non-monetary demand the AGO made – *i.e.,* that TVI not make misleading statements about employment practices. The AGO had no basis for this request, as TVI not only had not made any misrepresentations, but in fact pays competitive wages and provides benefits to employees.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 9

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

disagreements with the AGO's threatened suit.  The AGO again made clear that its claims are founded on a challenge to TVI's business model and contractual relationships with charity partners.  TVI asked the AGO's representatives if they would continue discussions to attempt to reach resolution, but they pointedly refused to say that they would do so.  The AGO's imminent threat to prosecute suit against TVI is apparent, necessitating this action to protect the First Amendment rights of TVI and its charity partners.

**COUNT ONE**
**VIOLATION OF FREE SPEECH RIGHTS**
**UNDER THE FIRST AND FOURTEENTH AMENDMENTS**

31.     TVI incorporates all preceding paragraphs as if set forth fully herein.

32.     Charitable solicitations involve a variety of speech interests within the protections of the First Amendment.  *Schaumberg v. Citizens for a Better Environment*, 440 U.S. 620, 632 (1980); *Riley*, 487 U.S. at 788.  Government efforts to regulate or restrict charities and their relationships with commercial fundraisers or the solicitation messages they convey are subject to strict scrutiny.

33.     State authorities may not dictate charities' contractual relationships with commercial fundraisers.  TVI and its charity partners are fully entitled to contract and pay compensation based on bulk wholesale prices for used goods, as has been standard in the industry for decades.

34.     The State also may not mandate that fundraisers disclose in the course of solicitations the contractual payment terms or percentages of proceeds paid to charities. Such a requirement is a content-based restriction that amounts to unconstitutional compelled speech.  *Riley*, 487 U.S. at 795-96.[4]

---

[4] The State may impose registration and reporting requirements on charities and commercial fundraisers, making the information available to the public.  The Washington CSA does this, and the AGO and Secretary of State urge the public to use these resources, *see* https://www.sos.wa.gov/office/news-releases.aspx#/news/1259, but there is no dispute that TVI is registered and provides reports under the CSA.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 10

Davis Wright Tremaine LLP
Suite 2200, 1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

35.     The AGO also may not assert putative consumer fraud claims under the Washington CPA or otherwise based on allegations about a charitable fundraiser's "failure to alert potential donors to their fee arrangements," and any such claims require "swift dismissal" under the First Amendment.  *Illinois ex rel. Madigan v. Telemarketing Assoc., Inc.*, 538 U.S. 600, 617-17 (2003).

36.     The AGO's threatened claims violate the First Amendment, as they are founded on the premise that the State may allege and recover for deceptive practices if TVI does not disclose to all donors the particulars of its contractual compensation arrangements with charity partners.  Under Supreme Court precedent, the State may not require such disclosures in the first place, and it likewise cannot pursue claims or liability based on allegations about TVI's failure to disclose what the State cannot compel or require.  The AG's threatened suit and claims would infringe and chill speech rights of TVI and its charity partners in many regards and on many issues—*e.g*., from advocacy about rights of the developmentally disabled to education and outreach efforts about recycling and reuse.

## COUNT TWO
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

37.     TVI incorporates all preceding paragraphs as if set forth fully herein.

38.     This action presents an actual case or controversy concerning the AGO's threatened claims against TVI.  Declaratory relief is therefore necessary and appropriate.

39.     TVI is entitled to a declaration that the AGO's threatened claims attacking or seeking to ascribe liability based on TVI's business model and contractual relationships with its charity partners or any alleged failure to disclose the compensation terms contravene the First and Fourteenth Amendment of the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, TVI respectfully requests that this Court enter judgment in its favor and provide the following relief:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 11

a.   Preliminary and permanent injunctions enjoining the Attorney General and the AGO from asserting any claims seeking to compel speech by requiring TVI to disclose to donors or customers its contractual compensation arrangements with charity partners; challenging the arms' length contractual agreements between TVI and its charity partners; or seeking to impose liability or civil penalties based on allegations of allegedly inadequate disclosures of these contractual arrangements beyond the registration and reporting requirements of the CSA.

b.   A declaratory judgment that any such claims threatened or brought by the AGO would violate free speech rights guaranteed by the First and Fourteenth Amendments.

c.   An award to TVI of all reasonable costs and attorneys' fees in this action pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief, including all relief that is proper under 42 U.S.C. § 1983, as the Court deems just and proper.

DATED this 11th day of December, 2017.

DAVIS WRIGHT TREMAINE LLP
Attorneys for TVI, Inc.

By s/ James C. Grant
James C. Grant, WSBA # 15358
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: 206-757-8096
Fax: 206-757-8096
E-mail:  jamesgrant@dwt.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF — 12