UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TVI Inc. dba SAVERS and VALUE VILLAGE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington,<br><br>　　　　　　Defendant. | CASE NO. C17-1845 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.　　INTRODUCTION

This matter comes before the Court on Defendant Washington State Attorney General Robert W. Ferguson ("Attorney General" or "AGO")'s Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). Dkt. #12. The Attorney General argues that that all of the claims in this case must be dismissed with prejudice based on "*Younger* abstention and principles of equity, comity, and federalism." *Id*. at 2. Plaintiff TVI, Inc. d/b/a Savers and Value Village ("TVI") opposes this Motion. Dkt. #16. For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses this case with prejudice.

## II. BACKGROUND[1]

Plaintiff TVI is a Washington-based for-profit company that operates 20 Value Village stores in the State and is a registered commercial fundraiser under the Washington Charitable Solicitation Act ("CSA"), RCW 19.09. TVI's business is to work with non-profit organizations to collect used goods from donors and pay charity partners for these goods. Through this process, TVI has paid roughly $13 million to Washington charities in 2016, and over $120 million in the last ten years.

In December of 2014, the Washington State Attorney General's Office ("AGO") began an investigation into TVI's business practices as they relate to applicable Washington State law. In July of 2016, it presented TVI with twelve non-monetary demands regarding practices and disclosures. TVI agreed to nine of the twelve requests, but rejected the AGO's demands that it post signs in stores disclosing TVI's contractual payment arrangements with charities for the purchase of goods[2] and instruct employees to disclose the "bulk purchase price" paid to charities.

In August 2017, the AGO made a presentation to TVI contending it is a deceptive practice that TVI does not disclose to its customers the portion of sales prices paid to charity partners. TVI continued to try to work with the AGO to resolve this and other issues. However, in a meeting on December 8, 2017, and correspondence thereafter, the AGO indicated it was poised to file suit against TVI.

In response, TVI brought this action on December 11, 2017, under 42 U.S.C. §1983 and the Declaratory Judgment Act. *See* Dkt. #1. TVI alleges that the Attorney General has violated

---

[1] The following background facts are taken from Plaintiff's Amended Complaint, Dkt. #9, and accepted as true for purposes of ruling on Defendant's Motion to Dismiss.
[2] Specifically, the AGO demanded that TVI "prominently display in clear and conspicuous signage" that "Value Village pays [charity] [dollar amount (e.g., 43 cents) for each [unit of measurement (e.g., pound) of the goods you donate." Dkt. #9 at 10.

its free speech rights under the First and Fourteenth Amendments by dictating its contractual relationships with charities and mandating disclosure of its contractual payment terms with charities. *Id*. at 10.

After learning that TVI filed this suit, the AGO indicated it would discontinue all efforts to reach resolution if TVI did not immediately withdraw and dismiss this action and issue a press statement apologizing that it had "misunderstood" the AGO's demands. TVI rejected this request. The Attorney General issued a press release and otherwise began a press campaign to publicize its position in this case. TVI alleges that the AGO's claims in press statements were false or deceptive.

On December 20, 2017, nine days after the instant suit was filed, the AGO filed a complaint in state court asserting claims against TVI under the state Consumer Protection Act ("CPA") and the Washington Charitable Solicitation Act ("CSA"). That suit alleges that TVI violated the CPA by, *inter alia*, deceiving donors into thinking that donations of furniture and household goods to TVI would benefit TVI's charity partners when in certain circumstances these charity partners receive nothing. *See* Dkt. #8-1 at ¶¶ 1.2, 5.8.–5.12, 5.44–5.52, 6.1–6.12. The suit also alleges that TVI violated the CSA by soliciting donations with false, misleading, or deceptive information. *Id*. at ¶¶ 7.1-7.8. TVI alleges that this State Complaint is false or deceptive.

### III. DISCUSSION

**A. Legal Standard**

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing

evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). When a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id.* at 1122.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

**B. Judicial Notice of Related State Court Suit**

A court may take judicial notice of undisputed matters of public record, including documents "on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir.2012). The Attorney General requests that the Court take judicial notice of its State Court Suit, submitted on the docket at Dkt. #8-1. TVI does not oppose this request. The Court finds that it can take judicial notice of this suit for purposes of ruling on the instant Motion.

## C. Younger Doctrine

The Attorney General argues that this case should be dismissed on its face under the *Younger* abstention doctrine. Dkt. #12 (citing *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). This doctrine holds that principles of equity, comity, and federalism limit the exercise of federal jurisdiction over matters being litigated in an ongoing state proceeding. *Id.* at 43–46. As the Supreme Court has noted, "[i]n the main, federal courts are obliged to decide cases within the scope of federal jurisdiction," and "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). However, there are "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Id*. The *Younger* abstention doctrine is limited to three categories of cases: (1) parallel, pending state criminal proceedings, (2) particular state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts. *Id*.

The Ninth Circuit has held that, in civil cases, "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If these four threshold elements are met, courts "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id*. If the threshold elements are met, and no exception applies, the Court should dismiss actions involving injunctive or declaratory relief. *Gilbertson v. Albright*, 381 F.3d 965, 968–69 (9th Cir. 2004) (*en banc*).

The Attorney General's Motion walks the Court through the *ReadyLink* elements. Of note, the Attorney General argues that the state proceedings are a "quasi-criminal enforcement action" because a state actor is a party to the action, they were initiated to sanction the federal plaintiff for some wrongful act, and investigations were involved. Dkt. #12 at 7–8 (citing *ReadyLink*, 754 F.3d at 759; *Williams v. State of Wash.*, 554 F.2d 369, 370 (9th Cir. 1977)). The Attorney General also compares this case to the fact pattern in *In re Standard and Poor's Rating Agency Litig.*, 23 F.Supp.3d 378 (S.D.N.Y. 2014) and several other cases. *Id*. at 9–10. The Attorney General argues that consumer protection claims like this one deal with a sufficiently important state interest. *Id*. at 10–11 (citing cases).

In Response, TVI argues that "*Younger* abstention is reserved for 'exceptional circumstances.'" Dkt. #16 at 2 (citing *Sprint*, 134 S. Ct. at 591-94). TVI argues that *Younger* does not apply for three reasons: 1) because "the AGO can proceed in its action with state-law claims that do not implicate the constitutional concerns TVI has raised here," 2) because the AGO "cannot establish that it is pursuing an important state interest by making unconstitutional threats or demands," and 3) because the bad faith exception applies. *Id*. at 2–3. For the first point, TVI argues that "The AGO's state case asserts claims concerning several allegedly false and misleading representations of TVI," and that "[b]y contrast, TVI's action in this Court seeks injunctive and declaratory relief related to the unconstitutionality of the AGO's demands and conduct targeting TVI's business model and contractual payment arrangements with its charity partners or seeking to require TVI to disclose information about those arrangements to donors." *Id*. at 11. For the second point, TVI argues that it is not challenging the legality of the CPA or the CSA, and that "[t]he AGO cannot purport to be furthering an important state interest by acting unconstitutionally to infringe the protected speech rights of TVI and its charity partners." *Id*. at 15. The third point will be addressed in the section below on the bad faith exception.

On Reply, the Attorney General argues, *inter alia*, that this case would have the practical effect of enjoining the state court suit, as required for the *Younger* doctrine to apply, because TVI has effectively "pled its defenses to the State Court Suit as a cause of action." Dkt. #17 at 7. The Attorney General argues that "[o]ne of the main issues in the State Court Suit is TVI's claim that the State is pursuing consumer protection claims that violate TVI's First Amendment rights." *Id*. The Attorney General points out that the Amended Complaint in this case pleads that the State Court Suit itself infringe[s] and chill[s] speech rights." *Id*. (citing Dkt. #9 ¶49). The Attorney General also points out that TVI's discussion of the facts in this case appear to ask the Court to "decide the meaning of TVI's contractual relationships with certain charities and whether the Attorney General misrepresented the terms of those contracts," issues that are clearly central to the State Court Suit. *Id*. at 8.

The Court finds that this case is one of the few in which "the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 134 S. Ct. at 588. In examining the *ReadyLink* elements above, the parties appear to agree that state proceedings are "ongoing." *See* Dkt. #12 at 7 (citing *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 238, 104 S.Ct. 2321, 2328, 81 L.Ed.2d 186 (1984); *Hoye v. City of Oakland*, 653 F.3d 835, 844 (9th Cir. 2011)). This case squarely falls under the category of "state civil proceedings that are akin to criminal prosecutions," as demonstrated by the Attorney General's numerous citations to similar CPA-type cases where *Younger* applied. *See* Dkt. #12 at 7–9. Turning to the third *ReadyLink* element, the Court finds an important state interest implicated here, given the large consumer public that interacts with TVI's stores and the nature of the Attorney General's CPA claim. TVI cannot get around this conclusion by asserting, as it has in other sections of its briefing, that the Attorney General violated the First Amendment in its investigation and litigation of this matter. It is clear to the Court, and unopposed by TVI, that TVI may raise its federal challenges

in the state court suit. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). Accordingly, all of the *ReadyLink* elements are met.

The Court disagrees with TVI that the AGO can proceed in its action with state-law claims that do not implicate the constitutional concerns TVI has raised here. TVI's claims in the instant suit either act as a defense to the Attorney General's state claims, *i.e.* stating the AGO cannot seek the relief it is requesting, or serve to challenge the facts as presented by the AGO, *i.e.* the factual basis for its claims is unfounded. Either way, this Court is being asked to rule on facts and legal claims that would have a dispositive effect on the state court action. Given all of the above, and absent an exception to *Younger*, this case is properly dismissed.

**D. The Bad Faith Exception**

If the Younger factors are met, a court must examine whether the state proceeding is characterized by bias, bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate. *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992). Bad faith typically means that "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). The parties focus only on the bad faith exception, but disagree about what qualifies as bad faith under Ninth Circuit law.

TVI argues that the bad faith exception "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction," but that the Ninth Circuit also has recognized that evidence of bias against the plaintiff or "a harassing motive" can demonstrate bad faith. Dkt. #16 at 16 (citing *Baffert*, 332 F.3d at 621). TVI points to allegedly disparaging and inaccurate press statements from the AGO, repeated refusals to meet with TVI during its investigation, and monetary demands. *Id*. at 16–17. TVI states that the AGO has also exhibited bad faith "through its repeated threats and unconstitutional attacks on

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8

TVI's contractual arrangements with its charity partners, and its direct and indirect attempts to require disclosures about those arrangements in excess of what the CSA requires." *Id*. at 18.

The Attorney General argues the Ninth Circuit has found that the bad faith exception was inapplicable where "[t]here was no allegation of repeated harassment by enforcement authorities with no intention of securing a conclusive resolution by an administrative tribunal or the courts. . . or of pecuniary bias by the tribunal." Dkt. #17 at 3 (citing *Partington v. Gedan*, 961 F.2d 852, 861–62 (9th Cir. 1992)). The Attorney General highlights the absence of pled facts showing that the Attorney General brought the State Court Suit "without a reasonable expectation of obtaining a valid conviction." Dkt. #17 at 3. Instead, TVI seems to rely on a harassing motive to demonstrate bad faith, but the AGO argues that its actions cannot constitute harassment and instead demonstrate a good faith effort to pursue this case. *Id*. at 3–5. For example, the Attorney General points out that "[t]he parties nearly settled," and that it cannot be bad faith to engage in settlement negotiations "that involve a potential voluntary, knowing, and intelligent waiver of constitutional rights by another." *Id*. The Attorney General argues that its statements to the press were not inaccurate. *Id*. at 5. The Attorney General cites to *Backpage.com, LLC v. Hawley*, 2017 WL 5726868 (Nov. 28, 2017, E.D. Mo.) as a recent case with a similar fact pattern where the Eastern District of Missouri found that the bad faith exception did not apply. *Id*. at 6.

The Court agrees that TVI does not assert that the Attorney General brought the State Court Suit "without a reasonable expectation of obtaining a valid conviction." TVI's allegations of a harassing motive as pled fail to rise to the standard for bad faith articulated in *Baffert, supra*, or discussed in *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir.2002). Accordingly, the Court finds that this exception does not apply, and that this case is properly dismissed under the *Younger* doctrine.

### E. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that there is no significant factual dispute related to the elements of the *Younger* doctrine. Given TVI's previous amendment of its Complaint and the legal analysis above, the Court finds that TVI could not possibly allege facts consistent with the existing Amended Complaint to change the Court's ruling under *Younger*. Leave to amend will therefore not be granted and these claims will be dismissed with prejudice.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant Attorney General's Motion to Dismiss (Dkt. #12) is GRANTED.

(2) All of Plaintiff TVI's claims are DISMISSED with prejudice.

(3) This case is CLOSED.

DATED this 3 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE